IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| GREGORY KEITH CLINTON, | ) |
|     Petitioner, | ) |
| v. | ) No. 2:24-cv-02171-SHM-tmp |
| WARDEN HARRISON, | ) |
|     Respondent. | ) |

**ORDER DENYING MOTION TO RECUSE**

Before the Court is the "Motion for Recusal of Judge Samuel H. Mays, Jr." ("Motion to Recuse," ECF No. 6) filed by Petitioner Gregory Keith Clinton. For the reasons explained below, the motion is DENIED.

On March 15, 2024, Petitioner filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241. (ECF No. 1.)[1] On May 6, 2024, Petitioner filed the Motion to Recuse. (ECF No. 6.) Petitioner seeks recusal of the undersigned district judge because habeas corpus is a speedy remedy and Petitioner is frustrated with the six weeks that passed between the filing of his habeas petition and the Motion to Recuse. (*Id.* at PageID 46.) Petitioner argues that this "would seem to be enough time for the court to make it's ruling because the two previous filings 2:23-cv-02548 and 2:23-cv-02754 w[]ere ruled on within 30 days." (*Id.*) Petitioner acknowledges that the Court ruled it did

---

[1] Petitioner has previously filed two § 2241 petitions that have been dismissed for lack of subject matter jurisdiction. (*See Clinton v. Bowers*, No. 23-2548, ECF No. 8; *see Clinton v. Harrison*, No. 23-2754, ECF No. 10.) He did not appeal. Petitioner has also filed Motions to Recuse in those cases, and the motions were denied. (*See Clinton v. Bowers*, No. 23-2548, ECF No. 23; *see Clinton v. Harrison*, No. 23-2754, ECF No. 19).

not have subject matter jurisdiction in his prior cases, but he contends that "Judge Mays failed to look at Court Order from Case No. 3:17-cr-5[2] composed by Judge Gina M. Groh even though the Docket Sheet was included" and listed as factual history. (*Id.* at PageID 47.) Petitioner asserts that this was a "[d]ereliction of [d]uty." He contends that "[t]he[re] is no reason why judge Mays Jr. is unable to rule on Case No. 2:24-cv-02171." (*Id.*) Petitioner says "[i]t is clear that judge Mays Jr. is incompetent and cannot understand 21 USC § 802(57)(a)[3] . . . or Wheeler or How to read page 8 of the PSI of case No. 3:17-cr-5." (*Id.* at PageID 48.) Petitioner states his grounds for relief and that "[t]his is written in clear English not Spanish German or Russian." (*Id.*)

Petitioner cites 28 U.S.C. § 455(a) and says that in "two cases[s,] Judge Mays Jr has stated . . . that his courts lacks Subject Matter -Jurisdiction." (*Id.*) Petitioner contends that the undersigned judge has "a personal bias or prejudice concerning a part of personal knowledge of disputed evidentiary facts." (*Id.* at PageID 49.) Petitioner says that "Judge Mays Jr. violated a Federal Court orde[r] Document 459[4] Case NO. 3:17-cr-5" which provides that Petitioner is to file a habeas and pay the filing fee. (*Id.*) Petitioner asserts that he has done this twice and "Judge Mays Jr is Bias[ed] and must Disqualify himself f[ro]m an[y] and all proceedings involving Mr.

---

[2] Petitioner was convicted in the Northern District of Western Virginia, in Case No. 3:17-cr-5. Judge Groh was the sentencing judge.

[3] Section 802(57) defines a "serious drug felony" under 18 U.S.C. 924(e)(2) as an offense "for which (A) the offender served a term of imprisonment of more than 12 months; and (B) the offender's release from any term of imprisonment was within 15 years of the commencement of the instant offense." 21 U.S.C. § 802(57).

[4] Petitioner is referring to an Order Denying Defendant's Pro Se Motion to Refile 28 U.S.C. § 2255 and Motion to Vacate filed in his criminal case and the statement that "Defendant must file the complaint or habeas form and pay the filing fee" because Petitioner improperly filed pleadings in his criminal case. (*See* ECF No. 1 at PageID 6.) The court says, "The Court will not continue to consider the same arguments filed by the Defendant in his criminal case." (*Id.*)

Clinton." (*Id.*)  Petitioner argues that "Judge Mays Jr. has ruled in 'Bad Faith' not once but twice", that "this implies the conscious doing of a wrong because of dishonest purpose or moral obliquity", and that "it contemplates a state of mind affirmatively operating with furtive design or ill will." (*Id.*)  Petitioner asserts that "Judge Mays Jr has violated his 'Oath of Office' because he has not been Fair or Impartial."  (*Id.*)

Judges are presumed impartial, and the moving party carries the burden of demonstrating that recusal or disqualification is warranted.  *Burley v. Gagacki*, 834 F.3d 606, 616 (6th Cir. 2016) (citing *Consol. Rail Corp. v. Yashinsky*, 170 F.3d 591, 597 (6th Cir. 1999)).  Under 28 U.S.C. § 455(a) a judge shall be disqualified "in any proceeding in which his impartiality might reasonably be questioned."  A judge must be recused if, knowing all of the circumstances, a reasonable, objective person would question the judge's impartiality.  *United States v. Sammons*, 918 F.2d 592, 599 (6th Cir. 1990).  "The standard is an objective one; hence, the judge need not recuse himself based on the subjective view of a party no matter how strongly that view is held."  *Id*. (internal quotation marks and citation omitted).  A judge should recuse "where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."  28 U.S.C. § 455(b).

Twenty-eight U.S.C. § 144 addresses the bias or prejudice of a judge:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists[.]

28 U.S.C. § 144.  Petitioner has not filed an affidavit.

3

"It is well settled that §§ 144 and 455 must be construed *in pari materia*." *United States v. Owens*, No. 2:17-cv-2788-JPM-cgc, 2018 WL 7075600, at *1 (W.D. Tenn. Nov. 30, 2018) (citing *United States v. Story*, 716 F.2d 1088, 1091 (6th Cir. 1983) (internal quotations omitted)). "[D]isqualification under § 455(a) must be predicated as previously under § 144, upon extrajudicial conduct rather than on judicial conduct." *Id*. (quoting *City of Cleveland v. Krupansky*, 619 F.2d 576, 578 (6th Cir. 1980)).

The Supreme Court has observed that bias that requires recusal must be personal or extrajudicial. *Liteky v. United States*, 510 U.S. 540, 555 (1994). "Personal bias is prejudice that emanates from some source other than participation in the proceedings or prior contact with related cases." *United States v. Nelson*, 922 F.2d 311, 319–20 (6th Cir. 1990) (internal quotation marks omitted). The Supreme Court has held that the "extrajudicial source" doctrine applies to both § 455(a) and § 455(b). *See Liteky*, 510 U.S. at 555. No matter how strongly or forcefully a party demands recusal, a merely subjective view of bias or partiality does not require a judge to recuse. *Hopson v. Gray*, No. 5:21-cv-704, 2021 WL 4894311, at *3 (N.D. Ohio Oct. 20, 2021) (citing *In re Polyurethane Foam Antitrust Litig*., No. 17-3361, 2017 WL 8791098, at *4 (6th Cir. Dec. 14, 2017)).

A reasonable, objective person with knowledge of all the circumstances would not question the undersigned presiding district judge's impartiality in this case. To the extent Petitioner complains about a delay in the Court's ruling on his petition, Petitioner does not argue that the delay was caused by any pervasive bias held by the judge or that the delay was limited to his case such that it could raise a specter of bias or partiality. *See Vukadinovich v. Posner*, No. 2:22-CV-118-TLS-JEM, 2024 WL 4765960, at *3 (N.D. Ind. Oct. 16, 2024) (citing *Wereko v. Rosen*, No. 22 C 02177, 2022 WL 16573746, at *3 (N.D. Ill. Nov. 1, 2022) about delays being "inherent in

litigation"). Delay is not a basis for recusal. Petitioner has not explained how the perceived delay demonstrates bias, or what motives the Court could have in delaying a ruling on the petition. *See Klayman v. Jud. Watch, Inc.*, 278 F. Supp. 3d 252, 262 (D.D.C. 2017) (denying recusal based on a perceived delay in ruling).

Petitioner complains about prior dismissals for lack of subject matter jurisdiction. A judge's participation in prior proceedings or prior contact with related cases cannot support a demand for recusal. *Sammons*, 918 F.2d at 599. "A judge is presumed to be impartial, and a litigant seeking disqualification bears the burden of alleging facts that would lead a reasonable person to question the neutrality of the judge." *United States v. Adams*, 38 F.3d 1217 (6th Cir. 1994). Therefore, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555. "[O]nly in the rarest circumstances" can rulings "evidence the degree of favoritism or antagonism required" to justify recusal. *Id*.

Bias or prejudice connotes partiality or opinions that are wrongful or inappropriate. *Liteky*, 510 U.S. at 550–52; *see United States v. Liggins*, 76 F.4th 500, 506 (6th Cir. 2023). Petitioner's only bases for recusal are Petitioner's subjective and conclusory assertions of bias, his dissatisfaction with delay, and the Court's prior dismissals for lack of subject matter jurisdiction under 28 U.S.C. § 2241 based on the statute and relevant Supreme Court precedent. Petitioner has failed to allege facts sufficient to meet his burden.

For these reasons, Petitioner's Motion to Recuse (ECF No. 6) is DENIED.

IT IS SO ORDERED this _7th_ day of January, 2025.

/s/ *Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE