# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

GREGORY KEITH CLINTON,

    Petitioner,

v.                                           Case No. 2:24-cv-02171-SHM-tmp

WARDEN HARRISON,

    Respondent.

## ORDER DISMISSING PETITION UNDER 28 U.S.C. § 2241
## FOR LACK OF SUBJECT MATTER JURISDICTION
## ORDER DENYING PENDING MOTIONS
## ORDER CERTIFYING THAT AN APPEAL WOULD NOT BE IN GOOD FAITH
## AND
## ORDER DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

Before the Court are the Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("§ 2241 Petition," ECF No. 1) filed by Petitioner Gregory Keith Clinton,[1] an inmate at the Federal Correctional Institution in Memphis, Tennessee ("FCI Memphis"), Bureau of Prisons register number 03226-087; Petitioner's motions for summary judgment (ECF Nos. 19 & 29); Petitioner's "Motion to Dismiss All Counts in Case No. 3:17-CR-5 Fed. R. Civ. P. 60b(3) (Fraud)" (ECF No. 21); and Petitioner's "Motion to Remove 18 U.S.C. § 922(g)(1) from Judgement Order Document 203 Dated 8/29/2018 Case No. 3:17-CR-5 VIA UCC 1-103 Statu[t]e No Longer Applies

---

[1] Petitioner has been declared "a harassing and vexatious litigant" in the United States District Court for the Northern District of West Virginia. *See In re Clinton*, No. 1:22-MC-49, 2022 WL 19721810, at *1 (N.D. W.Va. Dec. 14, 2022). Petitioner has previously filed two § 2241 petitions in this Court that have been dismissed for lack of subject matter jurisdiction. (*See Clinton v. Bowers*, No. 23-2548, ECF No. 8; *see Clinton v. Harrison*, No. 23-2754, ECF No. 10.) He did not appeal in either case.

'Commercial Law' 'Cannon Law'". (ECF No. 27). For the following reasons, the Court **DISMISSES** the § 2241 Petition for lack of subject matter jurisdiction and **DENIES** the pending motions (ECF Nos. 19, 21, 27 & 29) as moot.

## I.   BACKGROUND AND PROCEDURAL HISTORY

In August 2018, Petitioner pled guilty and was convicted in the United States District Court for the Northern District of West Virginia on one count of unlawful possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e) (Count 1); one count of possession of crack cocaine, in violation of 21 U.S.C. § 844 (Count 2); one count of possession of cocaine, in violation of 21 U.S.C. § 844 (Count 3); one count of possession with the intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Count 4); and one count of possession with intent to distribute cocaine hydrocholoride, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Count 5). (*See* Judgment, *United States v. Clinton*, Case No. 3:17-cr-00005-GMG-RWT, Doc. 205 (N.D. W.Va. Aug. 29, 2018).) Petitioner was sentenced to a total term of 264 months in prison to be followed by five years of supervised release. (*Id.* at PageID 1404-05.)

On August 29, 2018, Petitioner filed a notice of appeal with the Fourth Circuit Court of Appeals. (*See* Docs. 207 & 210.) On May 14, 2019, the Fourth Circuit affirmed. (Doc. 286.) *See United States v. Clinton*, 770 F. App'x 109, 110 (4th Cir. 2019) (per curiam).[2]

On September 12, 2018, while his appeal was pending, Petitioner filed a motion to vacate his conviction under 28 U.S.C. § 2255. (Doc. 219.)[3] On August 28, 2019, the District Court dismissed the motion. (Doc. 320.)

---

[2] Petitioner provides no information about subsequent petitions or § 2255 motions in this petition. (*See* ECF No. 1 at PageID 3-6.)

[3] The § 2255 motion was also docketed as *Clinton v. United States*, No. 3:18-cv-00144-GMG, Doc. 1 (N.D. W.Va. Sept. 12, 2018).

On October 31, 2019, Petitioner filed a second § 2255 motion. (Doc. 348.)[4] That case was dismissed on May 1, 2020, after Petitioner filed a motion to withdraw. (Doc. 417.) *See Clinton v. Wolfe*, No. 3:21-CV-58, 2022 WL 1600587, at *2 (N.D. W.Va. Jan. 10, 2022).

Petitioner has filed three § 2241 petitions in the United States District Court for the Northern District of West Virginia, Case Nos. 3:20-CV-73, 3:20-CV-179; and 3:21-CV-158. *Id.* at *3-4.

In this Court, Petitioner filed a § 2241 Petition in Case No. 23-2548, which was dismissed for lack of subject matter jurisdiction on September 26, 2023. (Civ. No. 23-2538, ECF Nos. 1 & 8.) He alleged that *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), was "[t]he new law of the land" and that all sentence enhancements in the presentence investigation report related to 18 U.S.C. § 922(g)(1) were unconstitutional and amounted to and cruel and unusual punishment under the Eighth Amendment. (ECF No. 1 at PageID 6-7.) He argued that the felon-in-possession statute was unconstitutional as applied to him. (*Id.* at PageID 9-10.) Petitioner sought dismissal of his § 922(g) conviction and sentence enhancements under 18 U.S.C. § 924(a)(2) and § 924(e). (*Id.* at PageID 22.) The Court granted Petitioner's motion to amend, which alleged an error in his sentence and that he was not an armed career criminal because his Washington County, Maryland conviction was for 275 days, not the one year and one day required for criminal history purposes. (*See* ECF No. 8 at PageID 52.)

Petitioner filed a second § 2241 Petition in Case No. 23-2754, which was dismissed for lack of subject matter jurisdiction on January 4, 2024. (Civ. No. 23-2754, ECF No. 10.) He alleged that the Court had subject matter jurisdiction under the saving clause, 28 U.S.C. § 2255(e), "if the

---

[4] The second § 2255 motion was docketed as *Clinton v. United States*, No. 3:19-cv-00186-GMG-RWT (N.D. W.Va. Oct 31, 2019).

3

claim attacks the execution of a federal sentence by prison officials." (ECF No. 1 at PageID 1.) Petitioner challenged the sentencing calculations of the trial court in his criminal case based on his convictions under 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e) and asserted that the presentence investigation was prepared in his absence and that of his legal counsel. (*Id.*) Petitioner argued that he was sentenced under the Armed Career Criminal Act, 18 U.S.C. § 924(e), over his objections about sentencing computation errors. (*Id.*) He contended that he was not challenging the validity of his conviction or sentence as imposed. (*Id.* at PageID 4.)

Petitioner asserted the following four grounds for relief:

1. 2018 US Sentencing Guidelines §4A1.2 Definition and Instruction for Computing Criminal History were not followed and Mr. Clinton's sentence was incorrectly calculated. Two of the three convictions used in Mr. Clinton's PSI[5] did [not] meet applicable time periods because they were over 15 years old. (*See* ECF No. 1 at PageID 6-7).

2. Count 1: UNLAWFUL TRANSPORT OF FIREARMS, ETC. was terminated on 8/27/2018. Orally, in open court, the count of UNLAWFUL TRANSPORT OF FIREARMS was terminated. There are no other firearms offenses associated with Mr. Clinton's 2018 conviction where 18 U.S.C. § 922(g)(1); 924(a)(2) and 924(e) can be applied to enhance his sentence calculation with 180 months. . . . The prosecution did not meet its burden that 18 U.S.C. § 922(g)(1); 924(a)(3) and 924(e) applies simply because a weapon was discovered in a residence that Mr. Clinton shares with other members of his family. (*See id.* at PageID 7.)

3. The PSI calculations violated due process. Mr. Clinton has a due process right to be present at a proce[e]ding whenever his presence has a relation reasonably substantial to the fullness of his opportunity to defend against the charge. Rule 32(b)(2) and 43, Federal Rules of Criminal Procedure state "probation officer. . . must, on request, give the defendant's attorney notice and a reasonable opportunity to attend the interview." (*Id*. at PageID 7.)

4. Calculation for 18 U.S.C. § 922(g)(1); 924(a)(2) and 924(e) violate the Second Amendment. The Armed Career Criminal Act enhancement used to calculate Mr. Clinton's extra 180 month sentence violate his Second Amendment rights. Felons are not excluded from "the people" whose firearm possession is presumptively protected by the plain text of the Second Amen[d]ment. . .. Bruen is the law of the land; it leaves no room for doubt. Text and history, not a means-end analysis, now

---

[5] "PSI" refers to the presentence investigation report.

define the controlling Second Amendment inquiry. Under this standard, the defendant's conduct is protected by the plain text of the Second Amendment. Although felons experience reduced constitutional protections in certain settings, they are not categorically and permanently excluded from the Constitution['s] purview. No history or tradition of firearm regulation exists that is even relevantly similar to § 922(g)(1)'s permanent, categorical firearm prohibition of all felons and the associated minimum 180 month sentence. Bruen requires evidence of a historical analogue that is both comparably justified and comparably burdensome of the right to keep and bear arms as § 922(g)(1). (*Id.* at PageID 8.)

Petitioner claimed that he did not present certain grounds for relief on appeal because "[n]o court will confirm or acknowledge that COUNT 1 UNLAWFUL TRANSPORT OF FIREARMS, ETC was terminated and dismissed by USA, thus eliminating the Armed Career Criminal enhancement leading to 180 month additional sentence. Bruen is new case law and under such using the enhancement calculations for 18 U.S.C. § 922(g)(1); 924(a)(2); and 924(e) to impose an additional 180 month sentence is unconstitutional." (*Id.*) Petitioner sought resentencing without Count 1 and the sentence enhancement of 180-264 months and to have the judgment corrected to remove Count 1. (*Id.*) Petitioner did not appeal the dismissal of this case.

## II. THE INSTANT § 2241 PETITION

On March 15, 2024, Petitioner filed the instant § 2241 Petition. (Civ. No. 24-2171, ECF No. 1). Petitioner alleges the following grounds for relief:

1. The calculations used by the court and federal probation officer are based on an error and do not meet the criteria for the U.S.S.G. § 4A1.2 15-year clause and 21 U.S.C. § 802(57)(A). (ECF No. 1 at PageID 8-10.) Petitioner asserts that the First Step Act retroactively applies to him. (*Id.* at PageID 10.)

2. In violation of Petitioner's due process rights, the court did not hear Petitioner's objections to the PSI, and the sentencing calculations violated due process. (*Id.* at PageID 9.) Petitioner complains that the required meeting did not take place before sentencing. (*Id.* at PageID 8-9.) He contends that his attorney did not file the objections "after being told." (*Id.* at PageID 16-17.)

3. *Bruen* is a new intervening change of law, and all calculations pertaining to 18 U.S.C. §§ 922(g)(1), 924(a)(2) and 924(e) violate the Second and Fourteenth Amendments. (*Id.* at PageID 9.)

5

Petitioner asks that the Court vacate, dismiss or expunge 180 months of his sentence or order his immediate release from FCI Memphis with fourteen (14) days. (*Id.* at PageID 27.) Petitioner also asks that "the person or persons who issued Bog[u]s Paper" be held accountable for the criminal debt. (*Id.*)

### III.     ANALYSIS OF PETITIONER'S CLAIMS

This Court is authorized to issue a writ of habeas corpus under 28 U.S.C. § 2241(c)(3) when a prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A § 2241 petition is appropriate where an inmate challenges the execution of his federal sentence. *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991). Federal prisoners may obtain habeas corpus relief pursuant to 28 U.S.C. § 2241 only under limited circumstances.

One limitation on the availability of relief under § 2241 is in the "saving clause" of § 2255(e), which provides as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). Courts construing this language "have uniformly held that claims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentence shall be filed in the sentencing court under 28 U.S.C. § 2255, and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241." *Charles v. Chandler*, 180 F.3d 753, 755–56 (6th Cir. 1999) (per curiam) (citations omitted); *see United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) ("Section 2255 is the primary avenue for relief for federal prisoners protesting

the legality of their sentence, while § 2241 is appropriate for claims challenging the execution or manner in which the sentence is served."); *McCormick v. Butler*, 977 F.3d 521, 524 (6th Cir. 2020) ("When a federal prisoner collaterally attacks the validity of his sentence, rather than the conditions of his confinement, he must ordinarily proceed under § 2255, not § 2241."). The saving clause limits the district courts' subject matter jurisdiction because "[a] district court has no jurisdiction over an application for habeas under section 2241 if the petitioner could seek relief under section 2255." *Taylor v. Owens*, 990 F.3d 493, 499 (6th Cir. 2021).

If the remedy under § 2255 is "inadequate or ineffective to test the legality of [a prisoner's] detention," relief under § 2241 remains available, but "[t]he circumstances in which § 2255 is inadequate and ineffective are narrow . . .." *Peterman*, 249 F.3d at 461. As the Supreme Court explained in *Jones v. Hendrix*, 599 U.S. 465, 474 (2023), "the clearest such circumstance is the sentencing court's dissolution; a motion in a court that no longer exists is obviously 'inadequate or ineffective' for any purpose." "[T]he § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied, or because the petitioner is procedurally barred from pursuing relief under § 2255, or because the petitioner has been denied permission to file a second or successive motion to vacate." *Charles*, 180 F.3d at 756 (citations omitted).

Before *Jones*, the Sixth Circuit allowed a federal prisoner to challenge his conviction or an enhancement to his sentence in a § 2241 petition filed pursuant to the saving clause if he could show "'that he had no prior reasonable opportunity to bring [his] argument' in his earlier section 2255 proceedings . . . by identifying a Supreme Court decision that post-dates his original section 2255 proceedings, adopts a new interpretation of the statute of conviction, and supports his innocence claim." *Taylor*, 990 F.3d at 499 (quoting *Wright v. Spaulding*, 939 F.3d 695, 705 (6th Cir. 2019)); *Garner* v. *Gilley*, No. 23-5114, 2023 WL 5525050, at *2 (6th Cir. Aug. 23, 2023) ("In

7

recent years, we have interpreted the saving clause as allowing a federal prisoner to seek relief under § 2241 rather than § 2255 if his sentencing challenge is based on a retroactively applicable statutory interpretation that could not have been raised previously and the alleged sentencing error is 'sufficiently grave.'" (citing *McCormick*, 977 F.3d at 525)). In *Wright*, 939 F.3d at 699, the Sixth Circuit recognized that this approach made "§ 2241 a substitute for procedurally barred § 2255 motions," which had "expanded the saving clause beyond its original function." *See id.* at 710 (Thapar, J., concurring) ("But we have jerry-rigged the saving clause to let § 2255 motions masquerade as § 2241 petitions, evading Congress's chosen limits on collateral review"). As Judge Thapar explained, the Sixth Circuit was "bound by our mistakes in this area until we fix them en banc. Or until the Supreme Court intervenes." *Id.* at 710 (Thapar, J., concurring).

In *Jones*, 599 U.S. at 480-81, the Supreme Court opined that "the saving clause is concerned with the adequacy or effectiveness of the remedial *vehicle* ('the remedy by motion'), not any court's asserted errors of law." The Court emphasized that the saving clause cannot be used as an "end-run around AEDPA," which allows a second or successive 2255 motion to proceed only if it asserts one of two conditions: (1) newly discovered evidence such that no reasonable factfinder would have found the defendant guilty; and (2) a new rule of constitutional law made retroactive to cases on collateral review. *Id.* at 477-78; *see* 28 U.S.C. § 2255(h). The Court distinguished due process errors that occur at trial from AEDPA's restrictions on collateral review, explaining that "[d]ue process does not guarantee a direct appeal, let alone the opportunity to have legal issues redetermined in successive collateral attacks on a final sentence." *Jones*, 599 U.S. at 487 (citation omitted).

Habeas relief under § 2241 is not available to Petitioner unless relief under § 2255 is inadequate or ineffective. Petitioner attempts to frame his § 2241 Petition as a simple challenge

to the calculation of his sentence. (*See* ECF No. 1 at PageID 2.) Despite his assertions, Petitioner's claims challenge the validity and imposition of his conviction and sentence. The Court has previously dismissed for lack of subject matter jurisdiction Petitioner's § 2241 claims under *Bruen* and based on his 922(g) conviction, armed career criminal status, and sentence. (*See* Civ. No. 23-2574, ECF No. 10.) Nothing has changed with the filing of the instant § 2241 Petition.

Petitioner's claims would be appropriately brought in a § 2255 motion. He has filed two § 2255 motions that were dismissed. The dismissal of Petitioner's prior § 2255 motions does not make the § 2255 remedy inadequate and ineffective so that he can invoke the saving clause. Petitioner contends that the Court should accept jurisdiction based on a January 26, 2022 order in the United States District Court for the Northern District of West Virginia, Criminal Action No. 3:17-CR-5, directing Petitioner to file a habeas form and pay the filing fee. (*See* Civ. No. 24-2171, ECF No. 1 at PageID 5-7.) Other courts' purported refusal to address Petitioner's claims does not make the § 2255 remedy inadequate or ineffective.

To the extent Petitioner seeks to challenge his conviction and sentence under *Bruen*, that claim should be brought in a § 2255 motion, even if it is a second or successive motion. *See Morris v. United States*, No. 1:24-cv-29-TMB-RPM, 2024 WL 3682784, at *2 (S.D. Miss. July 16, 2024) (dismissing § 2241 petition raising *Bruen* claim for lack of subject matter jurisdiction); *see Luedtke v. Lilliard*, No. 24-CV-1197-DWD, 2024 WL 3830426, at *5 (S.D. Ill. Aug. 15, 2024) ("even if there was merit to Luedtke's *Bruen* claim . . . it would not be cognizable in a § 2241 proceeding").

To the extent Petitioner seeks to reduce his sentence based on the retroactive application of the First Step Act, a motion to reduce a sentence under 18 U.S.C. § 3582 filed in the criminal case is the appropriate vehicle to seek relief. *See United States v. Abdullah*, 119 F.4th 496, 498-99 (6th Cir. 2024) (outlining the multistep process for a reduction in sentence under the First Step

9

Act); *see United States v. Hanson*, No. 24-3442, 2025 WL 22146, at *2 (6th Cir. Jan. 3, 2025) ("A § 3582(c)(2) proceeding involves a two-step process for determining whether to reduce a defendant's sentence based on a retroactive guidelines amendment").

Nothing in the record or briefing demonstrates "unusual circumstances" that make it "impossible or impracticable . . . to seek relief in the sentencing court." *Jones*, 599 U.S. at 474. Petitioner has not met his burden of satisfying the saving clause by showing that a § 2255 motion is inadequate or ineffective to challenge his conviction and sentence. For this reason and because Petitioner is not "challenging the legality of his *detention* without attacking the validity of his *sentence*," *Jones*, 599 U.S. at 475 (cleaned up), this Court lacks jurisdiction to address the merits of Petitioner's claims.

For the reasons set forth above, the § 2241 Petition is **DISMISSED** for lack of subject-matter jurisdiction. Petitioner's pending motions are **DENIED** as moot. Judgment shall be entered for Respondent.

## IV.  CLINTON'S VEXATIOUS PRACTICES

Filing the same claims in multiple lawsuits is a vexatious practice and an abuse of the judicial system. That is particularly true where Clinton has filed multiple lawsuits in this Court realleging the same claims despite being told that the Court lacks subject matter jurisdiction over those claims.

If the Court finds that Clinton has filed, or in the future files, one or more new cases that re-allege claims that he has asserted in a previously-filed case, those new cases will be filed for statistical purposes and will be summarily dismissed. If Clinton's practice of filing vexatious lawsuits continues after the warning in this Order, the imposition of filing restrictions may be warranted.

V.   APPEAL ISSUES

Federal prisoners who file petitions pursuant to 28 U.S.C. § 2241 challenging their federal custody need not obtain certificates of appealability under 28 U.S.C. § 2253(c)(1). *Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004); *Melton v. Hemingway*, 40 F. App'x 44, 45 (6th Cir. 2002).

A habeas petitioner seeking to appeal must pay the $605 filing fee required by 28 U.S.C. §§ 1913 and 1917. To appeal *in forma pauperis* in a habeas case under 28 U.S.C. § 2241, the petitioner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997). Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). Rule 24(a) also provides that, if the district court certifies that an appeal would not be taken in good faith or otherwise denies leave to appeal *in forma pauperis*, the petitioner must file his motion to proceed *in forma pauperis* in the appellate court. *See* Fed. R. App. P. 24(a)(4)-(5).

In this case, because the Court lacks subject matter jurisdiction over Petitioner's claims, any appeal would not be taken in good faith. It is **CERTIFIED**, pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is **DENIED**.[6]

IT IS SO ORDERED this  23rd  day of January, 2025.

/s/ *Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

---

[6] If Petitioner files a notice of appeal, he must also pay the full $605 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the United States Court of Appeals for the Sixth Circuit within 30 days.

11